AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

United States of America
v.
Yuren Miranda
(YOB 1990)

*Defendant(s)*

Case No. MJ 23-946 KBM

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 8, 2022 in the county of Bernalillo in the ______ District of New Mexico, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(A) | Distribution of 500 Grams and More of a Mixture and Substance Containing Methamphetamaine |

This criminal complaint is based on these facts:

Please see the attached affidavit of DEA Task Force Officer Clarence Davis, which is incorporated by reference and has been reviewed by AUSA Lou Mattei.

☑ Continued on the attached sheet.

*Complainant's signature*

Clarence Davis, DEA Task Force Officer

*Printed name and title*

Telephonically sworn and electronically signed.

Date: 8:44 AM, May 29, 2023

*Judge's signature*

City and state: Albuquerque, New Mexico

Honorable Karen B. Molzen, U.S. Magistrate Judge

*Printed name and title*

Print Save As... Attach Reset

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer of the United States Drug Enforcement Administration (DEA) assigned to the Albuquerque District Office. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I have been a Task Force Officer for a total of 11 years. I have been a certified law enforcement officer within the state of New Mexico for the past 36 years. My experience as a police officer includes, but is not limited to, conducting surveillance, debriefing suspects, interviewing witnesses, writing affidavits for and executing search warrants, working undercover, conducting consensual encounters, as well as working with informants. I have received training in, and have experience in, the investigation of violations of the federal drug and money laundering laws, including the offenses listed below. I have participated in the investigation of numerous drug trafficking conspiracies, including multiple Title III investigations. I have also participated in complex investigations that required the analysis of tolls and data from pen registers. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations ("DTOs") to purchase, transport, store and distribute drugs, and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers. I am aware that DTOs are concerned about the efforts law enforcement makes to disrupt and dismantle their activities.

3. This affidavit is based on my observations and information obtained from other law enforcement sources. It does not set forth all of my knowledge related to this investigation, but only those facts necessary to establish probable cause for the requested complaint.

4. This affidavit is submitted in support of a criminal complaint charging Yuren MIRANDA (year of birth 1990) with the following violation:

a. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Distribution of 500 Grams and More of a Mixture and Substance Containing Methamphetamine.

## PROBABLE CAUSE

5. In September 2022, a DEA task force officer acting in an undercover capacity (UC) contacted Yuren MIRANDA in reference to the purchase of approximately two pounds of methamphetamine.

6. On September 1, 2022, MIRANDA and the UC had a telephone call, conducted in Spanish and recorded by the UC, in which MIRANDA described his prices for "cristóbal," "buttons," and "paloma." Based on my training and experience, I know these are common slang terms for methamphetamine, fentanyl pills, and cocaine, respectively. As relevant here,

MIRANDA offered to sell "cristóbal," or methamphetamine, to the UC at a price of $1,800 per pound.

7. On September 8, 2022, the UC communicated with MIRANDA via text messages to coordinate a meet time and location for the UC to purchase "windows" from MIRANDA. Based on my training and experience, I know that "windows" is another common slang term for methamphetamine. MIRANDA instructed the UC to meet him at a location on Gibson Avenue, in Bernalillo County, in the District of New Mexico.

8. On the same date, the UC and MIRANDA met at the agreed-upon location. The UC told MIRANDA he wanted "two," referring to two pounds of methamphetamine. MIRANDA retrieved two plastic-wrapped bundles from his car and handed them to the UC in exchange for $3,600 in official funds.

9. The UC transported the two bundles back to the DEA office in Albuquerque. Together the bundles weighed approximately 979.5 gross grams. The substance inside the bundles field-tested positive for methamphetamine.

10. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

## CONCLUSION

11. Based on the foregoing, probable cause exists that on September 8, 2022, in Bernalillo County, in the District of New Mexico, Yuren MIRANDA violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being Distribution of 500 Grams and More of a Mixture and Substance Containing Methamphetamine.

12. This affidavit has been reviewed by AUSA Lou Mattei.

CLARENCE DAVIS
Task Force Officer
Drug Enforcement Administration

Electronically signed and sworn via telephone
this 29th day of May, 2023.

HONORABLE KAREN B. MOLZEN
United States Magistrate Judge